*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHARLES ERROL WARNER,

Defendant-Appellant.

UNPUBLISHED
April 9, 2020

No. 343419
Kent Circuit Court
LC No. 16-009942-FC

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

RONAYNE KRAUSE, J. (*dissenting*).

I respectfully dissent, because I conclude that the record clearly shows defendant to have been confused about the direct consequences of his plea. Defendant is therefore entitled to withdraw his plea. I would therefore reverse and remand.

The majority provides an excellent overview of the background of this matter and of the applicable law. I fully concur in the majority's assessment of defendant's Standard 4 brief. It would be the better practice for defendants to be informed about any predictable financial consequences of their pleas, but I take no other issue with the majority's conclusion that costs are a collateral consequence. However, at oral argument, defendant's counsel helpfully clarified that his claimed misunderstanding was less about the cost of electronic GPS (global positioning system) monitoring than whether he would be subject to a GPS tether at all. I respectfully part ways with the majority on that basis.

As the majority observes, a defendant must be advised of the direct consequences of a plea. Lifetime electronic monitoring is a direct consequence of a plea. *People v Cole*, 491 Mich 325, 327-328, 335-338; 817 NW2d 497 (2012). Sex offender registration is also a direct consequence of a plea. *People v Fonville*, 291 Mich App 363, 388-394; 804 NW2d 878 (2011). If a defendant enters a plea that would subject him to both lifetime electronic monitoring and sex offender registration, he is therefore entitled to be advised of *both* consequences. The gravamen of defendant's claim is that he was unaware that electronic monitoring and sex offender registration were different things. The record bears out his claim.

At defendant's plea, the trial court advised defendant, in relevant part, as follows:

> If you plead no contest or are found guilty as a result of trial, the maximum possible sentence that can be imposed is life or any term of years up to life in prison, and there is mandatory lifetime electronic monitoring once released from prison. You're not going to be punished or rewarded depending on what plea you make. Do you understand that? [. . .] The prosecution has recommended that your minimum sentence is not to exceed 10 years. Now, that's not binding on me. I don't have to follow it, but if I choose not to, I will let you know through your lawyer. Then you can withdraw your plea and go to trial on all the original charges; do you understand that?

The trial court also explained what rights defendant was giving up, and defendant acknowledged his understanding of all of the above. Defendant entered his plea and was found guilty. Critically, sex offender registration was not mentioned at all.

After entering his plea but before sentencing, defendant sent a letter to the trial court stating, in relevant part, that he "was advised that 'lifetime electronic monitoring' was the sex offender registry." He only learned upon reviewing his presentence investigation report that he would be subject to a GPS tether in addition to registering as a sex offender. At sentencing, defendant further clarified that he believed "electronic monitoring" was a reference to the online sex offender registry search website.[1] Significantly, his trial counsel then stated,

> First of all, there's no such thing as online sex registry. I don't know what he's talking about as far as – I know they have to report to the police department to change their address and report. So I don't know what he's talking about, because I've never even heard of what he's talking about. That's not what I told him.

Of course, there *is* such thing as the online sex offender registry. Based on how the word "electronic" is casually used today, I find it reasonable that a layperson might assume it was a reference to an online service. Furthermore, the sex offender registry could be considered a form of "monitoring." Counsel's statement that she did not know what defendant was talking about, and the trial court's mention of only monitoring, establishes that defendant was not properly aware[2] that the sex offender registry was distinct from lifetime electronic monitoring.

To be clear, I believe the circumstances of this case are unusual. Nevertheless, on this record, I conclude that defendant was insufficiently advised of the direct consequences of his plea, so his plea was not voluntary and knowing. I question the wisdom of withdrawing his plea. Nevertheless, defendant is entitled to do so. I would therefore reverse and remand.

/s/ Amy Ronayne Krause

---

[1] < https://www.michigan.gov/msp/0,4643,7-123-1878_24961---,00.html >

[2] I express no opinion as to who should be considered responsible for this omission. I am concerned only with the outcome. I am inclined to agree with counsel's representation at oral argument that the instant situation is unusual and may prove to be unique.